## CIRCUIT COURT OF THE CITY OF RICHMOND

Arline C. Lewis

v.

Shannon C. Lambert

December 6, 1991

Case No. LS-3343

BY JUDGE T. J. MARKOW

This matter is before the court on the plaintiff's motion for sanctions. Defendant pleaded defenses to liability and maintained this position throughout discovery, but during his opening statement, defense counsel, for the first time, admitted liability and advised the jury that the only issue was the amount of damages.

Because of surprise to the plaintiff and the unfairness this turn of events imposed on her, the court declared a mistrial. Before retrial, this motion for sanctions was made, argued and taken under advisement. Prior to a decision, the retrial began but was nonsuited after jury selection. An order of dismissal was entered on the nonsuit but was vacated within twenty-one days for the purpose of considering this motion.

Defendant argues that once the nonsuit was moved, the case was concluded and the court was without authority to entertain the motion for sanctions. The court disagrees. A motion for nonsuit does not terminate the matter. Only a final order of the court terminates the matter. Such an order was entered and has been vacated. Since the case is still pending, the motion for sanctions will be considered.

Defendant's counsel argues that a decision to admit liability is a tactical one, and he is not required to notify the plaintiff of his inten-

tion to admit liability, notwithstanding the position taken in the grounds of defense and in answers to interrogatories. Plaintiff seeks sanctions under Va. Code Ann. § 8.01–271.1 and under Rule 4:1(g) of the Rules of the Supreme Court of Virginia. Va. Code Ann. § 8.01–271.1 requires that pleadings, motions or other papers be signed and that the signature certifies that:

> (i) he has read the pleading, motion or other paper,
> (ii) to the best of his knowledge, information and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose . . . .

A similar certification is made in response to discovery under Part 4. *See* Rule 4:1(g). Any certification made in violation of § 8.01–271.1 of the Code or Rule 4:1(g) may subject the violator to sanctions.

Plaintiff has requested sanctions from the defendant as well as his counsel. The court finds no basis whatsoever for sanctions against the defendant. This discussion will focus solely on whether sanctions should be imposed on defense counsel.

In the motion for judgment, plaintiff claims damages for injuries allegedly caused by defendant's negligence. In the grounds of defense, defendant denied negligence and liability and affirmatively asserted that his operation of the motor vehicle was with reasonable care. On September 24, 1990, plaintiff propounded interrogatories which covered the issue of negligence. Defense counsel did not respond until March 25, 1991, only two months before the scheduled trial date of May 23, 1991. Specifically, the questions and answers were:

> 11. State to what degree, if any, your vision or field of vision was impaired at or about the time of the accident, and if it was so impaired, identify the obstruction.
> *ANSWER*: To the best of my memory, recall and recollection at this time, there was shrubbery which obscured my field of vision to the right and obscured the stop sign.
> 14. If you allege that any third party caused or contributed to the cause of the accident complained of, please state fully and in detail the full identity, including name, ad-

dress and physical description of such person and precisely how such person caused or contributed to the accident complained of.

*ANSWER*: Yes, Clarence E. Lewis, the driver of the vehicle in which the plaintiff was a passenger failed to keep a proper lookout, failed to operate his car at a proper speed, and he failed to keep his vehicle under proper control and caused the accident.

18. State whether you deny that you were negligent in the accident involved herein, and if so, state the basis of your denial of negligence.

*ANSWER*: Yes, because I did not cause the accident.

19. If you have pleaded or will plead contributory negligence, or if you contend the Plaintiff is precluded from recovery for any reason in this case, state all facts which form the basis of that contention.

*ANSWER*: See answer to Interrogatory # 14.

The case was not tried on May 23rd but was rescheduled for trial on July 30, 1991. While the Answers to Interrogatories were supplemented, none of the supplemented answers addressed the issue of liability, notwithstanding defendant's decision prior to the May 23rd date to admit liability.

Distilled to its essence, this matter raises two questions:

(1) Was counsel required to amend the Grounds of Defense when he determined that he would no longer claim the defendant was not negligent?

(2) Was counsel required to supplement the Answers to Interrogatories prior the trial?

The first inquiry assumes that the provisions of Section 8.01–271.1 of the Code were met when the defendant denied negligence in the grounds of defense. The court makes this assumption notwithstanding counsel's explanation to the jury in his opening statement in the July 30th trial.

> Mr. Lambert doesn't have an excuse for the accident, and he is not about to assert one. When Mr. Midkiff talked about the grounds of defense and what is stated in there, I received this case to represent Mr. Lambert and I didn't know all of the particulars. So I had to file something to meet the law. And then we undergo an investigation.

Later counsel testified that when the file was received, it contained the investigator's report. Based on all the evidence, the court is unable to conclude that the grounds of defense failed to meet the requirements of § 8.01–271.1. Once filed, there was no continuing obligation to revise or update a pleading. *See Oxenham v. Johnson*, 241 Va. 281, 402 S.E.2d 1 (1991). Other than responses to interrogatories, there were no other pleadings, motions, etc., which would have required updating.

That brings us directly to the second issue, whether defense counsel was required to amend or update the answers to interrogatories. It is clear that he should have. The court has described the several interrogatories which were propounded by the plaintiff which were designed to determine the factual basis for the defendant's denials of liability found in the grounds of defense.

When defense counsel filed his first responses to interrogatories, perhaps he believed he had a factual basis on which to deny liability because negligence or causation were legitimate issues. After investigation and after discovery, however, and at least two months before the July 30th trial date, he became aware that these were no longer legitimate defenses and that liability should be admitted. Rule 4:1(e) requires that discovery responses be supplemented if, after answering, information is received to inform him that the answer was incorrect when made or if correct when made is no longer correct and that a failure to amend is "in substance a knowing concealment."

Plaintiff asked questions designed to elicit the basis for the denials of liability.

In interrogatory # 14 plaintiff asked:

> If you allege that any third party caused or contributed to the cause of the accident complained of, please state fully and in detail the full identity, including name, address and physical description of such person and precisely how such person caused or contributed to the accident complained of.
> *ANSWER*: Yes, Clarence E. Lewis, the driver of the vehicle in which the plaintiff was a passenger failed to keep a proper lookout, failed to operate his car at a proper speed, and he failed to keep his vehicle under proper control and caused the accident.

Based on this answer, it was necessary for the plaintiff to develop her case to meet this issue. Witnesses were called, investigation was conducted, opening statement was structured to address Clarence E. Lewis's operation of the vehicle in which the plaintiff was a passenger. But, well before all of this had been completed, defense counsel knew that he was not going to claim that Lewis caused or contributed to cause the accident. Rule 4:1(e)(2) required supplementation. Instead, defense counsel concealed the truth.

Interrogatory # 18 asked:

> State whether you deny that you were negligent in the accident involved herein, and if so, state the basis of your denial of negligence.
>
> *ANSWER*: Yes, because I did not cause the accident.

While the answer addresses cause rather than negligence, it clearly places the plaintiff in the position of spending the time, effort and expense of proving liability. Again, this information though possibly correct when first given was incorrect as early as May 23, 1991, two months before the July 30 trial date.

Finally, interrogatory # 19 which inquired whether contributory negligence would be asserted as a defense was answered by referring back to the answer to interrogatory # 14. It placed plaintiff on notice that she had to address the negligence of Clarence E. Lewis, which defense counsel knew at least as early as May 30th was no longer an issue.

Giving defense counsel the benefit of the doubt by assuming these answers were correct when made, they were clearly incorrect after his full investigation and led him to admit liability.[1]

Had the decision to admit liability been made before the interrogatories were answered, could anyone seriously contend that the same answers could have honestly been made? Of course not. If the decision to admit liability were made, the involvement of Clarence E. Lewis, obstruction of the stop sign, or denial of negligence would have all been removed from the case as issues. If Rule 4:1(e) does not require supplementation under these circumstances, it is useless

---

[1] This benefit of the doubt is given notwithstanding the fact that he took six months to answer the interrogatories which should have been more than ample time for a thorough investigation and assessment of the defendant's legal position.

and should be repealed. This court will not construe the rule as useless. The rule requires nothing more than what should be expected of an officer of the court in his dealings with the court and with other officers of the court, *i.e.*, candor. While the Answers to Interrogatories were supplemented in other particulars, they were never supplemented as regards liability, thereby reinforcing the plaintiff's belief that liability was being contested. Defense counsel's certification to the supplementation under Rule 4:1(g) was incorrect.

In his opening statement, plaintiff's counsel took much time and great pains to show the jury that the evidence pointed to a finding of negligence. Then, for the first time, in his opening statement, defense counsel conceded liability, thereby undercutting plaintiff's counsel's credibility with the jury and eliminating many of plaintiff's witnesses and his planned order of proof. Obviously, this was defense counsel's strategic objective. This was the basis for granting the mistrial. The avoidance of such occurrences is the reason that the discovery rules require supplementation of responses. Such strategies are unfair and are examples of "sharp" practice which results in unnecessary cost and expense of litigation and in public disaffection with the legal system. It cannot and will not be condoned or permitted.

This court finds that defense counsel's certification under Rule 4:1(g) that the Supplemented Answers to Interrogatories were consistent with the discovery rules was false. Rule 4:1(e) requires supplementation of interrogatories 14, 18, and 19; they were not.

This was more than a question of strategy or a legal question as argued by defense counsel. Plaintiff had propounded specific interrogatories designed to determine the factual basis for the denial of negligence. Defense counsel's assertion of that defense up to the time of opening statement was false and misleading and warrants the imposition of a sanction.

Rule 4:1(g) permits an award of reasonable expenses, including a reasonable attorney's fee. Defense counsel argues that as plaintiff's counsel will be paid a fee based on a percentage of any recovery by the plaintiff, plaintiff has not incurred any attorney's fees. This argument is patently wrong. If correct, it would lead to the ridiculous situation that only defendants who prevail against contingent fee plaintiffs or hourly rate paid plaintiff counsel for discovery abuses would be entitled to the recovery of attorney's fees. Plaintiffs in con-

tingent fee case could never receive monetary sanctions notwithstanding that their time has been wasted because of a discovery abuse. This court cannot and will not construe the rules in that manner.

Rule 4:1(g) permits the court to order "an *appropriate sanction* which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fees" (emphasis added).

Here, even though the plaintiff has incurred no attorney's fee, her attorneys have spent time and expense in preparing for the liability phase of the case which was totally unnecessary and a wasted effort, they have also expended time in pursuing this sanctions motion, all the result of defense counsel's misguided attempt to achieve a strategic advantage. Not only was plaintiff's counsel put to wasted effort and expense, so, too, were Richmond taxpayers put to the expense of juror fees and so, too, was the court placed in a wasteful situation in losing a productive trial day from its docket, on account of the need to declare a mistrial because of defense counsel's conduct. The court will not award attorney's fees; rather it will consider the amount of time spent by plaintiff's counsel on liability matters only as one factor in assessing an appropriate sanction. Other factors include those previously discussed, the need to deter such conduct in the future, and the seriousness the court attaches to this type of violation.

The court will order the defense counsel to pay to the City of Richmond the jury costs for the jury selected and not used, or $140.00, and to counsel for the plaintiff the amount of $3,000.00.